CARBALLO, PETITIONER, v. ROSSY, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of San Juan in an Action of Divorce.

No. 264.—Decided December 16, 1919.

DIVORCE—LITIS EXPENSAS.—The husband being under the obligation to provide *litis expensas* to the wife when he has brought an action of divorce against her, it is not erroneous for the court to enter an order on the defendant's motion staying all proceedings in the action until the plaintiff shall have deposited in the clerk's office the sum of $75 for the costs and attorney fees of the defendant.

ID.—ID.—HEARING—CERTIORARI.—Although under section 317 of the Code of Civil procedure it is an error of procedure on the part of the court to rule on a motion for *litis expensas* without hearing the adverse party, if such error has not done irreparable damage to the mover it will not be corrected in a certiorari proceeding.

The facts are stated in the opinion.

*Mr. Adrián Agosto* for the petitioner.

The respondent did not appear.

*Mr. Antonio Trujillo* for the defendant in the divorce suit.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

We have before us for consideration the original record in the suit for divorce pending in the District Court of San Juan, Section 2, between José Carballo and María Martínez, which was sent up to this court by virtue of a petition by the plaintiff for a writ of certiorari addressed to the judge of said court, Hon. Jesús María Rossy, for a review of his ruling of August 7, 1919, on a motion for *litis expensas* filed by the defendant.

The writ of certiorari was issued on the 10th of last November.

From the original record it appears that on March 7,

1919, the plaintiff brought an action for divorce against the defendant on the ground of cruel treatment and grave offenses; that the defendant answered the complaint with a general and specific denial of each and all of its allegations; that on August 7, 1919, the defendant filed a motion, of which notice was given to the plaintiff on the previous day, asking the court to order him to deposit within ten days the costs of the action and a reasonable sum for attorney fees; that that motion was disposed of by an order of the same day staying all proceedings in the action until the plaintiff should have deposited in the clerk's office the sum of $75 as *litis expensas;* that the plaintiff moved for reconsideration of the said order on the grounds that he had not been heard and no evidence had been examined, that the procedure was contrary to law and that neither the complaint, the answer, nor the motion for *litis expensas* showed that the conjugal partnership composed of the plaintiff and defendant owns any property; that the court, by an order of September 30, overruled the motion for reconsideration, leaving its previous order of August 7 in force.

The order of August 7, 1919, to which the present appeal is confined, is in substance that the plaintiff shall deposit the sum of $75 as *litis expensas* for the defense of the defendant in the suit for divorce brought against her, and such an order is authorized by section 168 of the Civil Code in its provision that if the wife have not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means.

As we said in the case of *Wolkers* v. *Masson,* 26 P. R. R. 162, counsel fees in the suit are a part of the maintenance of the wife, or very similar to it. 14 Cyc. 761. On principle, the obligation of the husband to provide the *litis expensas* of the wife in a suit for divorce brought against her can not be denied, and the mere existence of the suit is sufficient

cause for such a measure. The fixing of the amount rests in the discretion of the court.

It is true that in this case an error of procedure was committed in violation of section 317 of the Code of Civil Procedure in not setting a day for a hearing on the motion,· but such an error in a case like this has not caused irreparable damages to the plaintiff because the order of August 7 may be amended by the court if the circumstances of the case require it, on a motion by the plaintiff setting up· all that he might have alleged in arguing the motion for *litis expensas*.

When a writ of certiorari is invoked to review the proceedings of a lower court it is not a writ of right, but should be issued only when a special cause therefor is shown to the court, and the court is vested with discretion in each case. *Marrero v. Bryan, Municipal Judge*, 26 P. R. R. 384.

Considering the circumstances of the case, the writ of certiorari must be discharged and the original record returned to the District Court of San Juan, Section 2, for the corresponding purposes.

*Writ discharged.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.